**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN GLOVER, JR., | Case No. 3:22-cv-00207-LRH-CSD |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN REUBART, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Shawn Glover, Jr.'s Application for Leave to Proceed *In Forma Pauperis* (ECF No. 4).

On May 6, 2022, Glover submitted a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254. On May 18, 2022, the Court informed Glover that he has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

On May 31, 2022, Glover filed an incomplete IFP application. Glover submitted a financial certificate, but it was not signed by an authorized prison official. (*See* ECF No. 4 at 4.) In addition, Glover did not submit a copy of his prisoner's account statement for the six-month period prior to filing. Within 30 days of the date of this order, Petitioner must file a complete IFP application on the approved form that includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate

signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. Alternatively, Petitioner will pay the $5 filing fee within 30 days.

Petitioner's failure to comply with this order within 30 days will result in the dismissal of this action without prejudice and without further advance notice.

**IT IS THEREFORE ORDERED:**

1. The initial screening of Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1-1) under the Rules Governing Section 2254 Cases and Motion for Appointment of Counsel (ECF No. 1-2) are deferred to until such time as he has fully complied with this order.

2. The Clerk of Court is instructed to send Petitioner a blank form IFP application for incarcerated litigants.

3. **Within 30 days of the date of this order**, Petitioner must file an IFP application that includes a: (a) financial certificate signed by Petitioner and an authorized prison official, (b) financial declaration and acknowledgement signed by Petitioner, and (c) copy of Petitioner's inmate account statement for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee within 30 days. If Petitioner decides to pay the filing fee from his inmate account, he must arrange to have a copy of this order attached to the check for the filing fee.

4. Petitioner's failure to comply with this order within 30 days by (a) submitting a complete IFP application, or (b) paying the filing fee will result in the dismissal of this action without prejudice and without further advance notice.

DATED this 13th day of June 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE