1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5    SHAWN GLOVER, JR.,                        Case No. 3:22-cv-00207-LRH-CSD

6                            Petitioner,

7        v.                                    **ORDER**

8    WARDEN REUBART, *et al.*,

9                            Respondents.

10        Petitioner Shawn Glover, Jr., a *pro se* Nevada prisoner, commenced this habeas action by

11   filing a Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 9).  This habeas matter is before the

12   Court for initial review under the Rules Governing Section 2254 Cases,[1] as well as consideration

13   of Petitioner's Application to Proceed In Forma Pauperis (ECF No. 4) and Motion for Appointment

14   of Counsel (ECF No. 10).

15        Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order

16   a response unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v.*

17   *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule allows courts to screen and dismiss

18   petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

19   procedural defects.  *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v.*

20   *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

21        Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District

22   Court for Clark County ("state court").  *State of Nevada v. Shawn Glover*, Case No. C-16-312448-

23   1.[2]  On October 15, 2018, the state court entered a judgment of conviction for first degree murder

24   _____

25   [1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section
     2254 Cases in the United States District Courts.

26   [2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and
     Nevada appellate courts.  The docket records may be accessed by the public online at:

27   https://www.clarkcountycourts.us/Anonymous/default.aspx and

28   at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  with use of a deadly weapon, assault with a deadly weapon, and discharge of a firearm from or

2  within structure or vehicle and sentenced Petitioner to a term of life without the possibility of

3  parole.  Petitioner appealed and on October 24, 2019, the Nevada Supreme Court affirmed the

4  judgment of conviction.

5        On September 14, 2020, Petitioner filed a state habeas petition seeking post-conviction

6  relief.  The state district court denied Petitioner's habeas petition.  The Nevada Court of Appeals

7  affirmed the denial of the state habeas petition.  Petitioner initiated his federal habeas action on

8  May 6, 2022 by filing an application to proceed In Forma Pauperis ("IFP") and a petition for writ

9  of habeas corpus. (ECF No. 1.) The Court instructed Petitioner to pay the filing fee or file a

10  complete IFP Application. (ECF No. 5.) A receipt of payment of the filing fee was recorded on

11  July 6, 2022. (ECF No. 8.)  Accordingly, Petitioner's IFP Application is denied.

12        Turning to Petitioner's motion for appointment of counsel, there is no constitutional right

13  to appointed counsel in a federal habeas corpus proceeding.  *Luna v. Kernan*, 784 F.3d 640, 642

14  (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).  An indigent petitioner

15  may request appointed counsel to pursue that relief.  18 U.S.C. § 3006A(a)(2)(B).  The decision to

16  appoint counsel is generally discretionary.  *Id.* (authorizing appointed counsel "when the interests

17  of justice so require").  *Id.* § 3006A(a)(2).  However, counsel must be appointed if the complexities

18  of the case are such that denial of counsel would amount to a denial of due process, and where the

19  petitioner is so uneducated that he is incapable of fairly presenting his claims.  *LaMere v. Risley*,

20  827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

21       Here, the Court finds that the appointment of counsel is in the interests of justice taking

22  into account, *inter alia*, the lengthy sentence structure, and the number and complexity of potential

23  claims.  Therefore, Petitioner's motion for appointment of counsel is granted.

24  **IT IS THEREFORE ORDERED:**

25    1.  Petitioner's Application to Proceed In Forma Pauperis (ECF No. 4) is DENIED.

26    2.  Petitioner's Motion for Appointment of Counsel (ECF No. 10) is GRANTED.

27    3.  The Federal Public Defender is provisionally appointed as counsel and will have until

28       30 days to undertake direct representation of petitioner or to indicate the office's

inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline for approximately 120 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from respondents until further order of the Court.

6. The Clerk of the Court will send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 26th day of July 2022.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE