AARON D. FORD
  Attorney General
ADAM L. WOODRUM (Bar No. 10284)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
Phone: (775) 684-1159
Fax: (775) 684-1108
awoodrum@ag.nv.gov
*Attorneys for Respondent*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN GLOVER, JR.,<br><br>               Petitioner,<br><br>vs.<br><br>WARDEN REUBART, *et al.,*<br><br>               Respondents. | Case No. 3:22-cv-00207-LRH-CSD<br><br>**MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 23)** |

**POINTS AND AUTHORITIES**

**STATEMENT OF THE CASE**

**I.   A Jury Convicts Glover of First-Degree Murder with a Deadly Weapon and Other Charges.**

The prosecution charged Glover with shooting the victim from behind while the victim walked downstairs following a disagreement. ECF No. 26-21 at 4. A grand jury indicted Glover with four counts: murder with a deadly weapon, assault with a deadly weapon, discharge of a firearm within a structure, and possession of firearm by prohibited person. ECF No. 25-3. Glover pled not guilty and waived his speedy trial right. ECF No. 25-8. The jury trial took place over five days beginning July 30, 2018. ECF No. 41, 44, 45, 46, 50. The jury convicted Glover of murder with a deadly weapon, assault with a deadly weapon, and discharge of a firearm within a structure. ECF No. 25-49. The trial court bifurcated the possession of firearm by prohibited person count prior to trial and the prosecution ultimately dismissed it. ECF Nos. 25-35 at 4; 25-50 at 52.

For murder, the trial court sentenced Glover to life without the possibility of parole plus a consecutive 48 to 180 months for the deadly weapon enhancement. ECF No. 25-55. The trial court sentenced Glover to concurrent terms of imprisonment for the other two counts. *Id*. Glover filed a timely notice of appeal. ECF No. 26-2.

**II.  The Nevada Supreme Court Denies Glover's Direct Appeal.**

Glover raised three claims on appeal: insufficient evidence, improper burden shifting, and improper introduction of character evidence. ECF No. 26-18 at 4. The Nevada Supreme Court affirmed Glover's conviction on October 24, 2019. ECF No. 26-21.

**III.  Glover Unsuccessfully Pursues State Post-Conviction Relief.**

Glover filed a counseled post-conviction petition on September 14, 2020. ECF No. 26-28. Glover's petition raised two claims:

> A. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE TO THE PETITIONER BY FAILING TO OBJECT TO TESTIMONIAL HEARSY INTRODUCED IN VIOLATION OF CRAWFORD V. WASHINGTON.
>
> B. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE TO THE PETITIONER BY POSSESSING A CONFLICT OF INTEREST RESULTING FROM THE PUBLIC DEFENDER'S OFFICE PREVIOUS REPRESENTATION OF FLEMING IN A CRIMINAL CASE.

*Id*. at 18, 24.

Glover filed an amended state post-conviction petition on January 4, 2021, to correct a clerical error but raising the same claims. ECF No. 26-31. The trial court denied Glover's claims without an evidentiary hearing. ECF No. 26-34. Glover filed a timely notice of appeal. ECF No. 26-36.

Glover filed his counseled opening brief, raising two claims:

> The District Court Erred by Not Finding Trial Counsel Provided Ineffective Assistance to Glover by Failing to Object to Testimonial Hearsay Introduced in Violation of *Crawford V. Washington*. The District Court Further Erred by Failing to Grant an Evidentiary Hearing Regarding This Claim
>
> The District Court Erred by Failing to Find Trial Counsel Provided Ineffective Assistance to Glover by Possessing a Conflict of Interest Resulting From The Public Defender's Office Previously Representing Fleming In A Criminal Case. The District Court Further Erred by Failing to Grant an Evidentiary Hearing Regarding This Claim.

ECF No. 26-47 at 3. The Nevada Court of Appeals affirmed the trial court. ECF No. 26-54. Remittitur issued on February 28, 2022. ECF No. 26-55.

### IV.  Federal Court Proceedings.

Glover filed a timely pro per federal petition on May 6, 2022, raising four claims. ECF No. 1-1. This Court screened the petition and appointed counsel. ECF No. 12. Following three continuances Glover filed his counseled first amended petition on August 1, 2023. ECF Nos. 17, 19, 22, 23. The first amended petition raises five grounds:

> Ground One: Glover's Right to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution Was Violated Because the Evidence was Legally Insufficient to Support the Convictions.
>
> Ground Two: Glover's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution was violated based upon prosecutorial misconduct when the prosecutor attempted to shift the burden of proof unto Glover.
>
> Ground Three: Glover was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to object to testimonial hearsay.
>
> Ground Four: Glover was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution because the public defender's office possessed a conflict of interest due to its prior representation of the victim in a criminal case.
>
> Ground Five: Glover was deprived of his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution when his attorney failed to impeach a critical witness with her inconsistent prior statement in which she told detectives a different story about the shooting than the one she gave in her trial testimony.

ECF No. 23 at 5, 8, 10, 13, 15.

### ARGUMENT

I.  **This Court Should Dismiss Ground Five Because it is Unexhausted, and Dismiss the First Amended Petition Because it is a Mixed Petition Containing Both Exhausted and Unexhausted Claims.**

   A.  **Statement of Law**

A federal court will not consider claims within a petition for writ of habeas corpus unless the petitioner has exhausted all claims raised. *Picard v. Conner,* 404 U.S. 270, 277–78 (1971); *Rose v.*

*Lundy*, 455 U.S. 509 (1982); *Anderson v. Harless*, 459 U.S. 4 (1982); *Johnson v. Zenon,* 88 F.3d 828 (9th Cir. 1996); *Duncan v. Henry*, 513 U.S. 364 (1995). The purpose of this "fair presentation" requirement is to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson*, 459 U.S. at 6 (1982) (quoting *Picard*, 404 U.S. at 276–77); *see also Greene v. Lambert,* 288 F.3d 1081, 1088 (9th Cir. 2002); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005); and *Fields v. Waddington*, 401 F.3d 1018, 1021-22 (9th Cir. 2005). Unless the petitioner presented the same operative facts and legal theory to the state court, his claim is not exhausted. *Bland v. California Dep't of Corr.,* 20 F.3d 1469, 1473 (9th Cir. 1994) (overruled on other grounds).

To exhaust a claim, the petitioner must also present facts sufficient for petitioner to be entitled to relief on the federal constitutional claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). Fair presentation requires that the claims must have been presented in the state courts in a manner considered legally sufficient under state law in a proceeding where the claim can be considered. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A "mixed" petition – a petition containing both exhausted and unexhausted grounds – is subject to dismissal. *Rose*, 455 U.S. at 510.

**B.     Argument**

Glover admits that Ground 5 is not exhausted. ECF No. 23 at 15. Respondents anticipate that Glover will argue the claim in technically exhausted but procedurally defaulted, and that Glover will seek to avoid the procedural default pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012). Respondents are also mindful that district courts customarily reserve *Martinez* arguments for merits briefing. However, Respondents raise this defense by motion to dismiss in order to avoid waiver and comply with this Court's order to include all procedural defenses in a single motion to dismiss. ECF No. 15 at 2-3.

**C.     Conclusion**

This Court should dismiss Ground 5 as unexhausted and dismiss the first amended petition as a mixed petition in accordance with *Rose v. Lundy*, 455 U.S. 509 (1982).

/ / /

/ / /

# CONCLUSION

This Court should dismiss Ground Five because it is unexhausted.

RESPECTFULLY SUBMITTED this 2nd day of October, 2023.

                              AARON D. FORD
                              Attorney General

                              By: /s/ Adam L. Woodrum
                                    ADAM L. WOODRUM (Bar. No. 10284)
                                    Deputy Attorney General

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General and that on this 2nd of day of October, 2023, I served a copy of the foregoing **MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 23)**, by U.S. District Court CM/ECF electronic filing to:

Jonathan M. Kirshbaum
Assistant Federal Public Defender
411 E. Bonneville Ave., Ste. 250
Las Vegas, Nevada 89101
jonathan_kirshbaum@fd.org

/s/ Carrie Crago