UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHAWN GLOVER, JR.,<br><br>                  Petitioner,<br>    v.<br>WARDEN REUBART, *et al.*,<br><br>                  Respondents. | Case No. 3:22-cv-00207-MMD-CSD<br><br>ORDER |

## I.    SUMMARY[1]

Petitioner Shawn Glover, Jr., a Nevada state prisoner, filed an amended petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 23 ("Amended Petition").) Before the Court is Respondents' Motion to Dismiss. (ECF No. 29 ("Motion").) For the reasons discussed below, the Motion is denied.

## II.    BACKGROUND

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. Following a jury trial, the state court entered a judgment of conviction for first degree murder with use of a deadly weapon, assault with a deadly weapon, and discharge of a firearm from or within structure or vehicle and sentenced Petitioner to a term of life without the possibility of parole. Petitioner appealed and the Nevada Supreme Court affirmed the judgment of conviction.

On September 14, 2020, Petitioner filed a state habeas petition seeking post-conviction relief. The state district court denied Petitioner's habeas petition. The Nevada Court of Appeals affirmed the denial of the state habeas petition. Petitioner initiated this federal habeas action. (ECF No. 1-1.) Following the appointment of counsel, Petitioner filed his Amended Petition raising five grounds for relief. (ECF No. 23.) Respondents

---

[1]Petitioner filed a response (ECF No. 31) and Respondents replied (ECF No. 33).

move to dismiss Ground Five as unexhausted and argue that the amended petition should be dismissed as a mixed petition. (ECF No. 29 at 3-5.)

### III. DISCUSSION

#### A. Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *See O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)). *See also Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

#### B. Technical Exhaustion and Anticipatory Default

Petitioner acknowledges that Ground Five was not presented to the state courts but argues the claim is technically exhausted as he can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default. A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). *See also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar

the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." *Ramirez v. Ryan*, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing *Coleman*, 501 U.S. at 754-55). However, in *Martinez*, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. *See* 566 U.S. at 16-17. "Under *Martinez*, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding . . . and if in that proceeding there was no counsel or counsel was ineffective." *Ramirez*, 937 F.3d at 1241 (citing *Martinez*, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying *Martinez*. *See Rodney v. Filson*, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under *Martinez*, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Ramirez*, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the *Martinez* test are derived from *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ramirez*, 937 F.3d at 1241. The Court's determination of the second prong—

whether there was a reasonable probability that the result of the post-conviction proceedings would be different—"is necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." *Id.* (quoting *Clabourne v. Ryan*, 745 F.3d 362, 377 (9th Cir. 2014), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. *See id.* A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." *Id.* (quoting *Martinez*, 566 U.S. at 14-16).

Here, it is clear that Petitioner would face multiple procedural bars if he were to return to state court with his unexhausted claims. *See, e.g.*, NRS §§ 34.726, 34.810. Petitioner advances only *Martinez* as a basis for excusing the anticipatory default of his ineffective assistance of counsel claim. The Court thus reads Petitioner's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be *Martinez*, and will consider Ground Five technically exhausted on that basis.

The Court defers ruling on whether Ground Five is procedurally defaulted given the fact-intensive nature of the claim and Petitioner's cause and prejudice arguments. The Court finds that these questions are inextricably intertwined with the merits of the claims themselves. Accordingly, the Court will defer a determination on whether Petitioner can demonstrate cause and prejudice until the time of merits determination. The motion to dismiss is denied. Respondents may renew the procedural default argument as to Ground Five in their answer.

### IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 29) is denied.

It is further ordered that the Court defers consideration of whether Petitioner can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the procedural default of Ground Five until the time of merits review. Respondents may reassert the procedural default arguments with respect to those claims

in their answer.

It is furthered ordered that within 60 days of entry of this order, Respondents must file an answer addressing all claims in the First Amended Petition for Writ of Habeas Corpus and also addressing whether Ground Five is barred by procedural default under federal law.

It is further ordered that Petitioner will have 60 days from service of the answer within which to file a reply.

DATED THIS 26th Day of July 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE